OKLAHOMA SCRAP PAPER COMPANY, a
Corporation, and Aetna Casualty & Surety
Company, a Corporation, Petitioners,

v.

Aefret MILLIGAN and State Industrial
Court, Respondents.

No. 41888.

Supreme Court of Oklahoma.

Oct. 31, 1967.

Rehearing Denied Dec. 5, 1967.

Ross, Holtzendorff & Bond, by Jay R. Bond, Oklahoma City, for petitioners.

M. W. Cooper, Oklahoma City, Charles R. Nesbitt, Atty. Gen., for respondents.

BLACKBIRD, Justice:

There is involved here an original proceeding to review an award of the State Industrial Court in favor of respondent Aefret Milligan, claimant below, against the petitioner, Oklahoma Scrap Paper Co., respondent below, for temporary total disability. Parties will be referred to as they appeared before the State Industrial Court.

Claimant in his Form 3 filed on April 21, 1965, alleged that while employed by the respondent on the stipulated date of February 25, 1964, he injured his right leg and on December 14, 1964, while employed by the respondent "re-injured" his right leg and injured his left leg.

Respondent in its answer denied that the claimant sustained an accidental injury

while employed by it on either of the dates referred to in claimant's Form 3, and alleged that it received no notice of claimant's alleged injuries until the filing of his Form 3 on April 21, 1965, and that its rights have been prejudiced by the failure of claimant to file notice of his contended injuries as required by 85 O.S.1961, § 24.

Summarized, the evidence of the claimant was as follows: That on February 25, 1964, while employed by the respondent, he fell in a hole and struck and hurt his knee. He told the "boss" man that he fell in a hole and injured his leg. After he reached home his leg continued paining him. He or his wife called the respondent and was advised to see the company doctor. He does not remember the name of the doctor but reported at his office and found it closed. He went to Mercy Hospital where he was examined and X-rayed. X-rays were negative as to fractures or dislocations. An abrasion on claimant's leg was cleaned and he was dismissed. He returned to work in a few days and worked to and including Saturday before Easter Sunday (April 19, 1964). On Easter Sunday he rode a horse at his wife's home. As he was getting off the horse his knee gave way.

Claimant was admitted to Veterans Hospital in Oklahoma City on the same day, April 19, 1964. Upon admission, he gave a history of having twisted his right leg in alighting from a horse. The leg became immediately painful, the knee swelled and he was unable to walk on the leg.

The medical evidence submitted by the claimant establishes that he was an in and out patient in the Veterans Hospital over a period of several months. Two surgical operations were performed on his right knee.

Claimant returned to work for respondent about December 1, 1964. He testified that while working on December 14, 1964, he "went to turn a crate over, and my feet just gave away on me and I fell, and

my knees hit another crate." Claimant did not request medical treatment from the respondent. He returned to Veterans Hospital where he was again treated for several months.

The trial court found that claimant did not sustain a compensable injury arising out of the alleged injury of February 25, 1964. Claimant prosecuted no appeal from this portion of the order and the decision of the trial court is therefore final on this feature of the matter. The trial court further found that as the result of the alleged injury of December 14, 1964, claimant sustained an injury to his knees aggravating a previous condition of his knees, and as a result of said injury, is totally and temporarily disabled, for which he is entitled to receive temporary total compensation from December 14, 1964, and additional medical treatment.

We have carefuly examined the medical evidence submitted by both the claimant and respondent. There is no medical evidence establishing that claimant sustained a compensable injury, or the aggravation of a pre-existing injury, as the result of the alleged accident of December 14, 1964. The burden was upon the claimant to make such proof. Carpenter v. Douglas Aircraft Co., Okl., 420 P.2d 911; Berryhill v. Prudential Premium Company of Oklahoma, Okl., 394 P.2d 520. There is no evidence that his failure to do so was an oversight.

As the award must be vacated for the foregoing reasons, we find it unnecessary and inappropriate on the basis of the record now before us, to consider respondent's further contention that the award must be vacated for the further reason that the trial tribunal made no specific finding on the matter of delayed notice.

In accord with the above, the award heretofore entered by the State Industrial Court is hereby vacated.

All the Justices concur.