**Lowell A. HUFFMAN, Petitioner,**

v.

**GENERAL MOTORS CORPORATION, own risk, and, the Workers' Compensation Court, Respondents.**

**No. 74964.**

Court of Appeals of Oklahoma, Division No. 1.

Feb. 19, 1991.
Rehearing Denied April 29, 1991.

Don L. Wyatt, Victor R. Owens, Ada, for petitioner.

Vicki Robertson, Oklahoma City, for respondents.

## MEMORANDUM OPINION

ADAMS, Presiding Judge:

Claimant Lowell A. Huffman asks us to vacate an order of a three-judge panel of the Workers' Compensation Court. Huffman claims he suffers from permanent partial disability to his respiratory system and lungs as a result of exposure to silicon bronze spray while employed by General Motors Corporation (Employer).

At trial, Employer stipulated Claimant's injuries were job-related but denied permanent disability. Claimant offered a medical report from Dr. M in support of his claim at trial. Dr. M's report concluded Huffman's spirometric test results were normal, but he nevertheless rated him for permanent partial disability based upon dyspnea. Employer objected to this report, arguing it was not in substantial compliance with the AMA Guides (2nd Ed.). The trial judge admitted Dr. M's report and found Claimant 5.5 percent permanently partially disabled.

In its appeal to the three-judge panel, Employer repeated its objection to Dr. M's report and advised the panel of an unpublished Court of Appeals opinion which held a similar report to be incompetent and not in compliance with the Guides. Without stating whether it considered Dr. M's report, the panel concluded the trial court order was "contrary to law and against the clear weight of the evidence." It modified the trial court order to make a finding of no permanent partial disability.

Claimant argues the three-judge panel erred in finding Dr. M's report incompetent, citing the recent case of *Orrell v. B.F. Goodrich*, 787 P.2d 848 (Okla.1990). In *Orrell*, the Oklahoma Supreme Court held a report similar to Dr. M's competent and admissible even though the report rated a patient with normal spirometric tests for permanent partial disability to the lungs and respiratory systems. The Court found the report in substantial compliance with the second edition of the Guides because the physician considered "other personal and physiological factors" along with the dyspnea in rating the patient's impairment. Dr. M's report does so as well. Following *Orrell*, we must agree with Claimant that Dr. M's report was competent and therefore admissible. The report was competent evidence supporting the decision of the trial judge.

This conclusion, however, does not authorize us to vacate the order of the three-judge panel. The record is silent as to whether the three-judge panel determined Dr. M's report incompetent, i.e. inadmissible. As we have noted, to so conclude would be error, and we will not assume the lower court erred from a silent record. *Chamberlin v. Chamberlin*, 720 P.2d 721 (Okla.1986). On the record presented we must assume the panel considered Dr. M's report.

 Under the rule announced in *Parks v. Norman Municipal Hospital*, 684 P.2d 548 (Okla.1984), a trial judge's decision altered by a three-judge panel's re-examination loses its viability and stands replaced by the decision which altered it. The panel decision then becomes the order in the case, and the only one reviewable by this Court. While 85 O.S.Supp.1986 § 3.6(A) allows a panel to alter a trial judge decision only where it finds error of law or the decision is "against the clear weight of the evidence", so long as the three-judge panel uses the magic words "against the clear weight of the evidence", we are powerless to determine whether the three-judge panel appropriately followed its statutorily mandated standard of review. Unless error of law is identified, we may only review the panel decision to determine if it is supported by competent evidence. *Parks*, supra.

We may not conclude, as suggested by Claimant, that the *Parks'* majority did not intend the three-judge panel's application of its standard of review to escape examination. In her dissent, Justice Wilson identified this effect of the majority decision and suggested that the task on review in this type of case should be to determine whether the panel's reversal was in compliance with its standard of review.

 Being satisfied *Parks* requires us to take the panel's recital of compliance with its statutory standard of review at face value, we must review the record to determine whether there is any competent evidence supporting its ultimate determination. Employer's medical reports, based on Claimant's normal spirometric tests, concluded Claimant suffered no permanent disability. This evidence, if believed, supports the conclusion reached by the three-judge panel.

 The question of whether there is disability due to compensable injury will not be disturbed by this Court on review if there is any competent evidence reasonably tending to support lower court findings. *Western States Construction Co. v. Stailey*, 461 P.2d 940 (Okla.1969). In the absence of any error of law appearing in the record, we conclude the three-judge panel's order is supported by competent evidence and must be sustained.

SUSTAINED.

BAILEY, J., concurs.

MacGUIGAN, J., not participating.