**Henry BRENT, Petitioner,**

v.

**AGRICO CHEMICAL COMPANY, and the Workers' Compensation Court, Respondents.**

No. 76423.

Supreme Court of Oklahoma.

Sept. 29, 1992.

---

Frasier & Frasier by J.L. Franks and Wilson N. Jones, Tulsa, for petitioner.

Rhodes, Hieronymus, Jones Tucker & Gable by Jill Nelson Thomas and Kevin D. Berry, Tulsa, for respondents.

HODGES, Vice Chief Justice.

The principal question presented for this Court's review is whether the decision of the three-judge panel of the Workers' Compensation Court was supported by any competent evidence. We answer that it was.

The claimant, Henry Brent, filed a claim alleging that he had suffered a hearing loss. The claim was amended to include the loss of cerebral function. The claimant alleged that both injuries occurred as a result of heat exhaustion while working for the respondent, Agrico Chemical Company.

At trial, the claimant introduced the medical report of Dr. Hallford. Dr. Hallford's report found that the claimant suffered 35 per cent permanent partial impairment of the whole person. This 35 per cent impairment included 15 per cent from a disturbance of complex integrated cerebral functions and 20 per cent from a hearing loss. Dr. Hallford testified that he could not quantify the amount of hearing loss even though in his written report he stated that the claimant had 100% loss of hearing in his left ear. Dr. Hallford's written conclusion of 100% monaural hearing loss was not supported by any objective evidence such as an audiogram. The trial judge admitted the report over respondent's objection to its probative value.

The respondent introduced the medical reports of Dr. Gillock, a primary report and a supplementary report. Dr. Gillock found that the claimant had "a 50.6% monaural hearing impairment in the left ear." He also found that the claimant had "no impairment of complex integrated cerebral function." The claimant objected to the probative value of Dr. Gillock's medical reports.

The trial judge found that the claimant had suffered a 100 per cent permanent partial disability attributable to hearing loss of the left ear and 25 per cent perma-

nent partial disability attributable to a disturbance of complex integrated cerebral functions. Apparently, the trial judge meant that the claimant had 100% monaural hearing loss. Based on the finding of 100 per cent hearing loss and 25 per cent impairment to cerebral functions, the trial court awarded the claimant compensation for 225 weeks at $173.00 per week.

The respondent requested review by the three-judge panel of the Workers' Compensation Court. The respondent argued the following three errors: (1) The trial judge's order finding 100 per cent permanent partial disability from the hearing loss was not supported by competent or probative evidence; (2) The trial court's finding that the claimant suffered 25 per cent permanent partial disability to the brain was not supported by the evidence; and (3) The trial court's finding that the hearing loss and injury to the brain arose out of and in the course of the claimant's employment were not supported by the evidence.

The three-judge panel modified the trial court's order. The panel found that the claimant had suffered 50.6 per cent monaural hearing loss to the left ear and 15 per cent permanent partial disability to the body as a whole due to injury to the brain (cerebral dysfunction). Based on its findings, the panel awarded the claimant compensation for 125.6 weeks at $173.00 per week.

The claimant appealed the panel's finding that he had suffered 50.6 per cent monaural hearing loss. The claimant did not appeal the panel's finding that he had suffered a 15 per cent permanent partial disability to the body as a whole as a result of cerebral dysfunction. On appeal, the claimant stated: "The Three Judge Panel clearly found that Dr. Hallford's medical opinion was incompetent and wrote the Order on Appeal in accordance with the Respondent's medical report which opined 50.6% impairment to the left ear." On appeal the claimant argued that the three-judge panel erred when it reduced the percentage of hearing loss because there was competent evidence to support the trial judge's finding.

The Court of Appeals sustained the order of the three-judge panel. The Court of Appeals found that the claimant's medical report was incompetent even though no objection was made to its competence at trial and, thus, could not support a finding of 100 per cent disability from the hearing loss. The Court of Appeals also found that the respondent's medical report was competent and supported a finding of 50.6 per cent hearing loss.

The claimant filed a Petition for Certiorari. He again maintains that the three-judge found that his medical report was not competent. He states: "It is Petitioner's contention that since the objection as to the competency of Petitioner's medical was not made at the trial of this cause, that Respondent had waived its objection to Petitioner's medical evidence. Therefore the Panel erred in modifying the Trial Court's order on that basis." We granted certiorari.

█ The claimant is correct that, if an objection to the competency of a medical report is not made at trial, it is waived. *See Whitener v. South Central Solid Waste Authority,* 773 P.2d 1248 (Okla.1989). Therefore, the Court of Appeals erred when it found that the claimant's medical report was incompetent. However, the record shows that the three-judge panel considered the claimant's medical report as competent evidence and found that it did not support a finding of 100 per cent permanent partial disability from the hearing loss.

After reviewing the evidence, the three-judge panel stated that "parts of [the trial judge's] order were contrary to law and against the clear weight of the evidence." The panel's order did not state that the claimant's medical report was not competent. Rather the panel considered the claimant's medical report in making its findings.

The panel found that the claimant had suffered "15 per cent permanent partial disability of the BODY AS A WHOLE due to injury to the BRAIN (cerebral dysfunction)." The only evidence which supported a finding of disability caused by cerebral

dysfunction was the claimant's medical report. If the Workers' Compensation Court had found the claimant's medical report was not competent, it could not have found that the claimant suffered a disability caused by cerebral dysfunction. It follows that the Workers' Compensation Court considered the claimant's medical report as competent evidence. Therefore, the claimant's argument is not supported by the record.

In *Parks v. Norman Municipal Hospital,* 684 P.2d 548, 550 (Okla.1984), this Court reaffirmed the concept that the three-judge panel was not to be considered as an appellate tribunal but as "a division of a first instance court."

> [E]very trial judge's decision that is changed in an intra-court re-examination at once loses its viability and stands replaced by the decision that alters it. The latter then becomes the efficacious decision in the case and hence the only one that is reviewable when corrective relief is later sought by proceedings brought in this court.

*Id.* The panel may reverse or modify the trial judge's decision if the decision is against the clear weight of the evidence. *Id.* at 551. The three-judge panel's decision will be sustained if it is supported by any competent evidence. *Id.* at 552.

In the present case, the three-judge panel made the critical finding that the trial judge's decision was against the clear weight of the evidence. Dr. Hallford's medical report did not include any auditory test, and Dr. Hallford admitted he could not quantify the per cent of hearing loss. In contrast, the respondent's medical expert's conclusion of 50.6% hearing loss was supported by an audiometric evaluation. Therefore, we cannot say that the panel erred in modifying the trial judge's finding.

The claimant attempts to couch the issue as a question of law in order to avoid this Court's holding in *Parks.* Percentage of hearing loss is a question of fact, not of law. Thus, the *Parks* decision is applicable to the present case.

Because the claimant has appealed only the panel finding that he suffered a 50.6 per cent monaural hearing loss, we do not address the finding of permanent partial disability caused by cerebral dysfunction. The panel found that the claimant had sustained a 50.6 per cent monaural hearing loss. The respondent's medical expert reported that the claimant had "a 50.6 per cent hearing impairment in the left ear." Because the only objection to the respondent's medical evidence was to its probative value, not to its competence, this Court must accept, without making a determination, the admissibility of that report. *Whitener v. South Central Solid Waste Authority,* 773 P.2d 1248 (Okla.1989). Therefore, we find that the three-judge panel's order was based on competent evidence and is sustained.

CERTIORARI PREVIOUSLY GRANTED; COURT OF APPEALS' OPINION VACATED; ORDER OF THREE–JUDGE PANEL OF WORKERS' COMPENSATION COURT SUSTAINED.

OPALA, C.J., and LAVENDER, SIMMS, HARGRAVE, ALMA WILSON, SUMMERS and WATT, JJ.