Darrel Glen OWINGS, Petitioner,

v.

POOL WELL SERVICE, National Insurance Company, and Workers' Compensation Court, Respondents.

No. 78197.

Supreme Court of Oklahoma.

Dec. 1, 1992.

W. Jeffrey Dasovich, Oklahoma City, for petitioner.

Neil P. McGuffee, Oklahoma City, for respondents.

KAUGER, Justice.

The issue presented concerns the standard of review applicable on appeal from a decision of the three judge review panel (panel) of the Workers' Compensation Court. We find that a decision of the three judge review panel of the Workers' Compensation Court may not be reversed on appeal if it is supported by any competent evidence.[1] Because the record contains competent evidence supporting the panel's decision, the order is sustained.

## FACTS

The appellee, Darrel Glen Owings (Owings/employee), filed a workers' compensation claim for disability on September 18, 1990. Owings claimed he sustained a work-related injury arising out of and in the course of his employment with the appellant, Pool Well Service (Pool/employer).

Owings asserted that on Thursday, September 6, 1990, he was struck by the equipment he was operating. Owings finished work on Thursday and returned on Friday and on Saturday. The following Monday, Owings reported for work but left complaining of pain. He went to the hospital that evening. Owings did not return to work for Pool after seeking medical attention.

At trial on April 25, 1991, Owings and his wife testified and submitted medical reports in support of the compensation claim. Two of Owings co-workers contradicted Owings' testimony. The co-workers testified that, on the day of the accident, Owings was not operating the equipment he claims to have been struck by and was not in the area where he said the injury occurred. On direct examination, Owings testified that he had no other injuries. However, under cross examination, Owings admitted that he had sustained a subsequent work related injury for which he was receiving compensation from another employer.

The trial court found that Owings had suffered a work-related injury and awarded compensation. Pool sought relief from the three judge review panel of the Workers' Compensation Court.[2] The panel vacated

1. *Parks v. Norman Mun. Hosp.*, 684 P.2d 548, 551–52 (Okla.1984). See also, *Williams v. Vickers, Inc.*, 799 P.2d 621, 624 (Okla.1990); *Bostick Tank Truck Serv. v. Nix*, 764 P.2d 1344, 1346 (Okla.1988).

The dissent takes issue with the reliance upon *Parks* for the proposition that the decision of the three judge review panel is to be upheld if it is supported by any competent evidence. However, all Justices recently concurred in a case in which *Parks* was quoted and relied upon for this very proposition. *Brent v. Agrico Chemical Co.*, 839 P.2d 189, 192 (1992). Although the reliance on *Parks* in *Brent* resulted in the alteration of an award for the employee, the employee did receive compensation under the award sustained by the three judge panel. Here, reliance on *Parks* results in the award to the employee being reversed because of the three judge panel's findings. The dissent also takes issue with the evaluation of the testimony presented in the majority opinion. However, a close reading of the dissent reveals that even its assessment of the evidence recognizes contradictions in the testimony supporting the employee. Were we acting as the original arbiters of the evidence, we might not have reached the same decision as the

three judge panel. However, the single question presented is whether the decision of the three judge panel of the Workers' Compensation Court was supported by any competent evidence. *Brent v. Agrico Chemical Co.*, see this note, supra.

2. Title 85 O.S.1991 § 3.6 provides in pertinent part:

"A. All the evidence pertaining to each case, except upon agreed orders, shall, insofar as may be possible, be heard by the Judge initially assigned to the case. Upon the completion of such hearing or hearings, the Judge hearing the cause shall make such order, decision or award as is proper, just and equitable in the matter. Either party feeling himself aggrieved by such order, decision or award shall, within ten (10) days, have the right to take an appeal from the order, decision or award of the Judge to the Workers' Compensation Court sitting en banc. Such appeal shall be allowed as a matter of right to either party upon filing with the Administrator a notice of such appeal.... The Court en banc may reverse or modify the decision only if it

the trial court's decision finding that it was against the clear weight of the evidence. In denying Owings compensation, the panel stated that Owings' testimony lacked credibility and that he was not injured in the course of his employment with Pool. Although the Court of Appeals recognized the existence of evidence in support of the panel's decision,[3] it reversed holding that the panel should not have re-weighed the evidence. We granted certiorari on July 9, 1992, to determine the standard of review applicable on appeal from a decision of the three judge review panel of the Workers' Compensation Court.

## A DECISION OF THE THREE JUDGE REVIEW PANEL OF THE WORKERS' COMPENSATION COURT MAY NOT BE REVERSED ON APPEAL IF IT IS SUPPORTED BY ANY COMPETENT EVIDENCE. BECAUSE THE RECORD CONTAINS COMPETENT EVIDENCE SUPPORTING THE PANEL'S DECISION, THE ORDER IS SUSTAINED.

Pool asserts that the evidence presented to the Workers' Compensation Court may not be weighed on appeal, and that orders issued by the Compensation Court must be sustained if supported by any competent evidence. Owings argues that the decision of the three judge review panel was not based on competent evidence.

■ Claims filed under the Workers' Compensation Act, 85 O.S.1991 § 1 et seq., are subject to fact finding within the limited jurisdiction of the Workers' Compensation Court. The trial court serves as a trier of fact and renders a decision. Unsatisfied parties may seek relief from an *en banc* panel of the Workers' Compensation Court or on direct appeal to this tribunal.[4] The review panel, made up of three judges from the Workers' Compensation Court, examines the factual findings of the trial judge. The panel may alter the trial court's decision if it finds that the decision is against the clear weight of the evidence.[5] Review of the panel's findings may be sought in this Court.[6] *When a panel's decision is appealed, it will be sustained if supported by any competent evidence.*[7]

■ Appellate review of a panel's decision is confined to the search for any competent evidence.[8] Here, Owings' co-workers testified that, on the day of the alleged injury, he was not operating the equipment he claims to have been struck by and that

determines that such decision was against the clear weight of the evidence or contrary to law....
B. The order, decision or award of the Court shall be final and conclusive upon all questions within its jurisdiction between the parties, unless, within twenty (20) days after a copy of such order, decision or award has been sent by the Administrator to the parties affected, an action is commenced in the Supreme Court of this state to review such order, decision or award. Any order, decision or award made by a Judge of the Court shall be considered as final under the provisions of this section unless appealed to the Workers' Compensation Court sitting en banc as provided for in subsection A of this section. The order, decision or award of a Judge of the Court shall be final and conclusive upon all questions within his jurisdiction between the parties unless appealed directly to the Supreme Court or to the Workers' Compensation Court sitting en banc as hereinbefore provided.... Such action shall be commenced by filing with the Clerk of the Supreme Court a certified copy of the order, decision or award of the Workers' Compensation Court sitting en banc or the Judge attached to the petition

by the complaint wherein the complainant or petitioner shall make his assignments or specifications as to wherein said order, decision or award is erroneous or illegal...."

3. The Court of Appeals opinion provides in pertinent part:
"... The only conflict in the evidence on the issue of whether claimant sustained a job-related injury came from adverse witnesses...."

4. Title 85 O.S.1991 § 3.6, see note 2, supra.

5. Title 85 O.S.1991 § 3.6, see note 2, supra; *Parks v. Norman Mun. Hosp.,* see note 1 at 549, supra.

6. Title 85 O.S.1991 § 3.6, see note 2, supra.

7. *Williams v. Vickers, Inc.,* see note 1, supra; *Bostick Tank Truck Serv. v. Nix,* see note 1, supra; *Parks v. Norman Mun. Hosp.,* see note 1, supra. See also, *LaBarge v. Zebco,* 769 P.2d 125, 128 (Okla.1988).

8. *Bostick Tank Truck Serv. v. Nix,* see note 1, supra.

he was not working in the area where Owings says he was hurt. This testimony is relevant and material to a claim of injury within the scope of employment. It is competent to support the panel's decision. Additionally, Owings gave conflicting testimony concerning a subsequent work-related injury. The existence of other evidence supporting Owings' claim is immaterial. Review is confined to a search for any competent evidence which could support the order of the review panel.[9] Because the panel's decision is supported by competent evidence, it must be sustained.

## CONCLUSION

■ On appeal from a three judge panel of the Workers' Compensation Court, the appellate court is limited to canvassing the record to determine if there is any competent evidence to support the panel's decision.[10] A decision of the three judge review panel of the Workers' Compensation Court may not be reversed on appeal if it is supported by any competent evidence.[11] Inconsistent testimony by Owings and conflicting testimony of co-workers was both material and relevant to the holding of the review panel. The order of the three judge panel is sustained.

CERTIORARI PREVIOUSLY GRANTED; COURT OF APPEALS OPINION VACATED; ORDER OF THE THREE JUDGE PANEL SUSTAINED.

OPALA, C.J., and LAVENDER, SIMMS, HARGRAVE, SUMMERS and WATT, JJ., concur.

HODGES, V.C.J., and ALMA WILSON, J., dissent.

9. *In the Matter of the Death of Walker,* 751 P.2d 1068, 1069 (Okl.1987).

10. The Legislature has had the opportunity in seven sessions since this Court's decision in *Parks v. Norman Mun. Hosp.,* see note 1, supra, to change the settled construction of 85 O.S. 1991 § 3.6, see note 2, supra and 85 O.S.1991 § 26. It has not seen fit to do so. Legislative silence, when it has the authority to speak, may be considered as an understanding of legislative intent. *City of Duncan v. Bingham,* 394 P.2d 456, 460 (Okla.1964).

ALMA WILSON, Justice, dissenting:

The result reached by the majority fulfills the prediction expressed in my dissent in *Parks v. Norman Municipal Hospital,* 684 P.2d 548 (Okla.1984). The inevitable consequence of the *Parks* decision is the one reached by the majority in its opinion, that is, if the issue is one of evidence, the decision of the three judge panel will be rubber stamped by the appellate court if the panel uses the words "against the clear weight of the evidence" in the panel's Order on Appeal. Even if a cursory examination of the record reveals that the clear weight of the evidence supported the trial court's decision *Parks* continues to bind the arms of the appellate judiciary.

In the case at bar, the majority opinion vacates the opinion of the Court of Appeals and sustains the order of the three judge panel, which found "that the claimant was not a credible witness" and denied compensation to the claimant. The Court of Appeals opinion would have vacated the decision of the panel and reinstated the award of compensation given by the trial judge. The majority opinion holds that a decision of the three judge panel may not be reversed on appeal if it is supported by any competent evidence. This standard of appellate review was fashioned in *Parks.*[1]

## I. THE PROBLEM WITH PARKS.

The standard of review announced in *Parks* is built upon the legal conclusion that 85 O.S.1981, § 3.6 controls the re-examination process by the trial panel while § 26 controls the standard of review in the Supreme Court and the Court of Appeals. *Parks,* 684 P.2d at 552. To reach these conclusions, *Parks* finds the language of

11. *Parks v. Norman Mun. Hosp.,* see note 1, supra. See also, *Williams v. Vickers, Inc.,* note 1, supra; *Bostick Tank Truck Serv. v. Nix,* note 1, supra.

1. *Parks* made all findings of fact reviewed by the three judge panel conclusive and binding unless unsupported by competent evidence. The appellate review was limited to questions of law. If there were no support for the panel's decision by competent evidence the decision could be viewed erroneous *as a matter of law. Parks,* 684 P.2d at 552.

§ 26 "unequivocally and unmistakenly limits appellate reviewing power to questions of law." *Parks*, 684 P.2d at 552. The language that opinion finds unequivocal is the last sentence of § 26, which provides: "The decision of the Court shall be final as to all questions of fact, and except as provided in Section 3.6 of this title, as to all questions of law." *Parks*, 684 P.2d at 551.

The reasoning that the legislature has placed an unequivocal limitation on appellate review allowing only questions of law to be reviewed is flawed. The flaw becomes apparent when the last sentence of § 26 is read in the entire context of subsection B of § 26.[2] The subject of subsection B is joint petitions. It requires the workers' compensation court to approve the joint petition only when the terms of the petition conform to the workers' compensation statutes. It authorizes the court to investigate the allegations in the joint petition; to order a hearing upon the application of either party; to receive evidence from either party; and to determine the claim based upon the court's conclusion of fact and ruling of law. Subsection B declares that the decision shall be final on all questions of fact, but expressly allows questions of law to be appealed as provided in § 3.6.

The plain words of the last sentence of § 26(B) are that questions of law may be appealed as provided by § 3.6. Section 3.6 authorizes appeal to a panel of the workers' compensation judges and/or to the Supreme Court, even though *Parks* concluded that § 3.6 governs panel review and § 26 governs appellate review.[3] Accordingly, *Parks* creates ambiguity in its application of § 26. But the ambiguity would be removed by discerning that the last sentence of § 26(B) fits within the framework of a statute discussing joint petitions. That last sentence must be construed as a limitation on the review of orders entered in joint petition proceedings before the workers' compensation court. In joint petition proceedings, the decision of the trial court on questions of fact are final, "except as provided in Section 3.6" of the Workers' Compensation statutes. If so construed, § 26(B) is consistent with the broad language of § 3.6, which authorizes the commencement of actions in the Supreme Court.

Section 3.6[4] provides in pertinent part:

A. ... Either party feeling himself aggrieved by such order, decision or award shall, within ten (10) days, have the right to take an appeal from the order, deci-

**2.** Section 26 was amended in 1986. 1986 Okla. Sess.Laws, ch. 222, § 16. No changes in substance were made except the number of days was changed from three to seven in the first sentence. 85 O.S.1991, § 26 provides:

Any time after the expiration of the first seven (7) days of disability on the part of the injured employee, a claim for compensation may be presented to the Administrator. If the employer and the injured employee shall reach a final agreement as to the facts with relation to an injury, and the resulting disability for which compensation is claimed under the Workers' Compensation Act, a memorandum of such agreement, in form as prescribed by the Administrator, signed by both the employer and employee, and approved by the Court shall be filed by the employer with the Administrator. In the absence of fraud this agreement shall be deemed binding upon the parties thereto. Such agreement shall be approved by the Court only when the terms conform to the provisions of the Workers' Compensation Act. The Court shall have full power and authority to determine all questions in relation to payment of claims for compensation under the provisions of the

Workers' Compensation Act. The Court shall make, or cause to be made, such investigation as it deems necessary, and upon application of either party shall order a hearing, and as soon as practicable, after a claim for compensation is submitted under this section, or such hearing closed, shall make or deny an award determining such claim for compensation, and file the same in the office of the Administrator, together with the statement of its conclusion of fact and rulings of law. Upon a hearing pursuant to this section either party may present evidence and be represented by counsel. The decision of the Court shall be final as to all questions of fact, and except as provided in Section 3.6 of this title, as to all questions of law.

**3.** "In conclusion, § 26 governs the standard of review affordable in the Supreme Court or in the Court of Appeals, while § 3.6 controls the trial tribunal's intra-court re-examination process." *Parks*, 684 P.2d at 552.

**4.** The quoted portions remain unchanged from 85 O.S.1981, § 3.6, and are now codified as 85 O.S.1991, § 3.6.

sion or award of the Judge to the Workers' Compensation Court sitting en banc.... The Court en banc may reverse or modify the decision only if it determines that such decision was against the clear weight of the evidence or contrary to law.... Appeals shall be allowed on a question of law or a question of fact, or a mixed question of law and fact, and shall be determined on the record made before the Judge....

B. The order, decision or award of the Court shall be final and conclusive upon all questions within its jurisdiction between the parties, unless, within twenty (20) days after a copy of such order, decision or award has been sent by the Administrator to the parties affected, an action is commenced in the Supreme Court of the state, to review such order, decision or award.... The order, decision or award of a Judge of the Court shall be final and conclusive upon all questions within his jurisdiction between the parties unless appealed directly to the Supreme Court or to the Workers' Compensation Court sitting en banc as hereinbefore provided.... The Supreme Court shall have original jurisdiction of such action, and shall prescribe rules for the commencement and trial of the same. Such action shall be commenced by filing with the Clerk of the Supreme Court a certified copy of the order, decision or award of the Workers' Compensation Court sitting en banc or the Judge.... The Court whose action was appealed shall enter any order directed by the Supreme Court under the final determination.

Section 3.6 unequivocally and unmistakenly authorizes panel review of a question of law or fact or mixed question of law and fact. It limits panel review power to the clear weight of the evidence or if the decision were contrary to law. In contrast, § 3.6 does not limit the review power of the Supreme Court. Without limitation, § 3.6(B) authorizes a party to a workers' compensation proceeding to commence an action in the Supreme Court and declares that the Supreme Court "shall have original jurisdiction" over the action. Section

3.6 does not express a legislative intent to control the standard of review by the Supreme Court in an appeal from the workers' compensation court. The legislature has properly left that review to the judiciary. *Parks* erroneously limits appellate review in all workers' compensation cases to the legislative limitation placed upon the facts finally agreed upon in joint petition proceedings.

## II. THE DISSENT IN *PARKS* PREDICTED THIS RUBBER STAMP JUSTICE.

My dissent to the *Parks* opinion stated:

... For there to be a meaningful review by either the Court of Appeals or the Supreme Court of the *en banc* decision, particularly where the trial court is reversed on the ground its decision was against the clear weight of the evidence, our task must be to determine whether the court *en banc's* reversal was in compliance with its statutorily prescribed standard of review. Absent compliance with its own standard, its decision would be erroneous as a matter of law.

Review of the decisions of the court *en banc* by the "any competent evidence" standard could lead to this Court's affirming an *en banc's* reversal of the trial court where the court *en banc's* decision was supported by *some* competent evidence, even though the trial court's decision may have been overwhelmingly supported by the evidence. I do not believe that the Legislature intended such an anomalous result.

*Parks*, 684 P.2d at 552–553. Although there is some evidence to support the findings of fact by the three judge panel that the injury sustained by the claimant did not arise in the course of his employment, the weight of the evidence is otherwise. But the significant error of the panel was the invasion of the province of the trial judge by the panel's redetermining the credibility of a witness. This case is a realization of the warning in my *Parks* dissent.

## III. THE DECISION OF THE THREE JUDGE PANEL IMPROPERLY REDETERMINED THE CREDIBILITY OF A WITNESS.

The Order on Appeal of the three judge panel found "that the claimant was not a credible witness." This is apparently the sole cause for reversing the trial judge. A credible witness is one who is worthy of belief.[5] This Court has recognized that the determination of the weight to be given the testimony and the credibility of a witness is to be made by the trier of facts.[6] Weighing testimony and passing upon the credibility of witnesses is not within the province of this Court.[7] The reason for having the rule that a trier of facts determines the credibility of the witness is clear:

Witness credibility is a subjective, amorphous quality, often defined as much by the preconceptions of the persons who perceive the witness as by the witness' personal characteristics; further, a witness' credibility can be affected by factors such as the credibility of other witnesses in the case, the plausibility of the theory and theme the witness is meant to support, the order in which witnesses are called, and the character of the jury.

17 Am.Jur.2d *Witnesses* § 1027 (1992).

From the preceding citations a certain sequence can be extrapolated. First, the witness must be competent; then he must be credible; and finally his testimony is weighed to determine the issue before the trier of fact. It is fundamental that review courts do not determine the credibility of witnesses, even though a review court may, as the three judge panel does, do some weighing of evidence. In my view, for a review court to determine the credibility of a witness and then discount his testimony is an error of law. When the three judge panel in the cause before this Court strayed from their statutory duty to affirm the trial judge in evidentiary matters unless against the clear weight of the evidence, the panel erred as a matter of law. The Court of Appeals framed its holding by stating that the three judge panel erred as a matter of law in reassessing the claimant's credibility. That result is correct. The Court of Appeals opinion reasoned:

Without the opportunity to view the demeanor of the witnesses, the three-judge panel cannot reassess credibility consistent with due process except in cases like [*Bittman v. Boardman Co.*, 560 P.2d 967 (Okla.1977)] where the record reveals "inherent improbabilities or contradictions" in the testimony of a witness. By considering demeanor, the panel undertakes to readjudicate the issues utilizing a lesser and different standard in "weighing the evidence" than was applied by the trial court in "weighing" the *same* evidence. All parties are entitled to the benefit and safeguard of the "weight" that a trier of fact gives to the demeanor of witnesses in the face-to-face setting of the courtroom, and they cannot be deprived of such a benefit and safeguard under the guise of "intra-court review" and a "two-tier decisional system within the trial tribunal...." [Cites *Parks*, 684 P.2d at 551.][8]

## IV. THE DECISION OF THREE JUDGE PANEL IS PROTECTED BY AN IMPROPER STANDARD OF REVIEW.

Because of the confusion caused by *Parks*, the Court of Appeals has been prevented from correcting an injustice. Another division of the Court of Appeals has recently noted that *Parks* apparently re-

---

5. *Madden v. State*, 26 Okl.Cr. 251, 223 P. 716, 717 (1924).

6. *Oklahoma City v. Bailey*, 405 P.2d 115, 119 (Okla.1965); *Alexander v. Gee*, 352 P.2d 915, 920 (Okla.1960). *Moore v. First Nat'l Bank*, 30 Okla. 623, 121 P. 626, 628 (1912) reasoned:

"If there is one question more peculiarly and exclusively within the province of the jury than any other, it is that of the credibility of witnesses. It is ordinarily for the triers of the facts to determine whether and to what extent the witness shall be believed, not only where there is conflicting evidence merely, but also where the credibility of witnesses has been discredited by evidence of bias, inconsistent and contradictory statements, and the like."

7. *City of Chickasha v. Looney*, 36 Okl. 155, 128 P. 136, 137 (1912).

8. Opinion of Court of Appeals, pp. 2–3.

quires the appellate courts to accept the recital of the three judge panel that it complied with its statutory standard of review.[9] The irony of the dilemma of the appellate courts and more particularly, the one of the cause before us is obvious. That is, although the three judge panel theoretically has a stricter standard of review in altering the decision of the trial judge than do the appellate courts in reviewing panel decisions, the panel is actually free to reverse a case if they can find *any competent evidence* to support a reversal. Because of *Parks*, appellate courts are not free to determine if the panel followed the statute.

Accordingly, the credibility of the claimant was determined by *two* judges who did a paper review. The trial judge who actually saw and heard the claimant testify, who heard the inflection of his voice, viewed his facial expressions and his body language, noted the confidence or lack thereof in the claimant's voice, found the claimant's testimony to be credible. One judge of the three judge panel dissented concerning the decision reached by the three judge panel. Of the four judges of the Workers' Compensation Court who tried and reviewed this case, the vote is two to two. But because two of those judges sat on the three judge panel, the appellate courts are required by *Parks* to accept the recital that the order of the trial judge was against the clear weight of the evidence.

## V. THE CLEAR WEIGHT OF THE EVIDENCE FAVORED THE CLAIMANT.

How does this rule work in the cause before this Court? The majority opinion states that the claimant gave conflicting testimony concerning a subsequent work-related injury. An examination of the transcript reveals that the claimant was being cross-examined concerning the accident of September 6, 1990. He testified that he had been released by his doctor on January 8, 1991. Employer's attorney then asked the claimant if he had been under a doctor's care since January 8, 1991, and the claimant answered that he had not. After asking the claimant about his present employment, the employer's attorney again asked the claimant if he had been under a doctor's care since January 8, 1991, and again the claimant answered that he had not. The attorney then asked if he had worked for Santa Fe Rig on March 21, 1991, and the claimant answered that he did. The next question was whether the claimant sustained an injury to his right arm, right hand, blood clots, right shoulder and neck on that day. The claimant answered that he had. The employer's attorney then pointed out the inconsistency and the claimant replied that he thought that the attorney had been speaking of his first injury.

While a paper review tells the three judge panel that an inconsistency exists in the testimony of the claimant, it tells nothing about whether the claimant appeared to be telling the truth. In the face of the inconsistency, the trial judge decided that the claimant was telling the truth concerning his injury occurring on the job. It is highly plausible that the claimant is concentrating on his first injury and not aware of the relevance of any subsequent injury. The employer's lawyer specifically asked about the claimant's January 8, 1991, release date just before he asked the claimant if he were still under a doctor's care. Even without viewing claimant during his testimony there is an logical explanation for his response. But an examination of the testimony of the employers' witnesses reveals cause to doubt their veracity.

The majority opinion mentions that the claimant's co-workers testified that on the

---

9. In *Huffman v. General Motors Corp.*, 811 P.2d 106, 108 (Okla.App.1991), Division No. 1 of the Court of Appeals reasoned:

"While 85 O.S.Supp.1986 § 3.6(A) allows a panel to alter a trial judge decision only where it finds error of law or the decision is 'against the clear weight of the evidence', so long as the three-judge panel uses the magic words 'against the clear weight of the evidence', we are powerless to determine whether the three-judge panel appropriately followed its statutorily mandated standard of review."

day of the injury that the claimant was not operating the equipment he claimed to have been struck by. An examination of their testimony reveals blatant inconsistencies. The two witnesses, who were still employed by the same employer, testified that the claimant was "running the rig" on the day of the accident. But Delvin Lemmons, one of those witnesses, testified that the claimant had never run the rig before that day and that day was the only day anyone but Sam McMillen had run the rig. So according to Mr. Lemmons the claimant was unfortunate enough to pick the *only* day that he was operating the rig, and could not have been injured in the manner he claimed, to tell the court that he had sustained an injury in the course of his employment. When the other witness, Sam McMillen, testified, he stated that he was the crew chief on the day of the accident and that the claimant was running the rig. But the daily time sheet that he filled out showed that the claimant was a floor hand on the day of the accident—the very job the claimant testified he was performing. McMillen testified that the claimant had run the rig for several days. The result is that the two witnesses for the employer gave conflicting evidence concerning when the claimant was supposed to have run the rig. The only documentary evidence would show that the claimant was doing the job he said he was doing.

The review of the testimony of the witnesses reveals that the decision of the trial judge does not meet the standard of being against the clear weight of the evidence. Yet there is some evidence that decision was incorrect if one believes the testimony of the two employees of Pool Well Service that the claimant was not doing the job of a floor hand on the particular day he claimed he was injured. Because of that evidence and based upon the standard of review established by *Parks*, the majority affirms a decision by two judges of the three judge panel whose decision is actually based upon "any competent evidence" rather than the standard of review required by statute: re-

versing the trial judge because his decision was "against the clear weight of the evidence."

## VI. THE THREE JUDGE PANEL CLEARLY FAILED TO FOLLOW ITS STATUTORY STANDARD OF REVIEW.

This Court now has before it a cause where the three judge panel clearly failed to follow the law in their review. The claimant's testimony is credible and the testimony of the opposing witnesses is inconsistent. Therefore the decision of the trial judge was not against the clear weight of the evidence. But perusing through the transcript, it is possible to find some competent evidence to support the three judge panel. A cursory examination of the panel's order on appeal reveals that it used the "magic words"[10] and therefore under *Parks*, this Court feels obliged to sustain the three judge panel even though the trial judge's decision was not against the clear weight of the evidence. I would overrule *Parks* and hold that a failure of the three judge panel to follow the mandate of 12 O.S.1991, § 3.6(A)[11] is an error of law and reversible by the appellate court reviewing the decision. The *Parks* holding reduces § 3.6(A) to a statutory suggestion instead of a standard of review that the three judge panel is obligated to follow. With *Parks* and the majority opinion in this cause, Oklahoma workers have lost their right to a hearing before a judge who determines their credibility and the workers are reduced to sitting before a referee at a glorified deposition where the less educated and inarticulate are bound to lose the paper review. My further prognostication is that the fact situations will become more pathetic until the legislature remedies the situation by correcting the imbalance caused by *Parks*.

---

10. *Huffman*, 811 P.2d at 108.

11. "The Court en banc may reverse or modify the decision [of the trial court] only if it determines that such decision was against the clear

weight of the evidence or contrary to law." 85 O.S.1991, § 3.6(A), 1986 Okla.Sess.Laws, ch. 302, § 3, operative July 1, 1986.