**Clema ANDERSON, Petitioner,**

v.

**SPIRO NURSING HOME, and the Workers' Compensation Court, Respondents.**

**No. 80230.**

Court of Appeals of Oklahoma, Division No. 1.

March 30, 1993.

Anthony M. Laizure, Stipe, Gossett, Stipe, Harper, Estes, McCune & Parks, Tulsa, for petitioner.

Paul V. McGivern, Jr., Ronald E. Hignight, McGivern, Scott, Gilliard, Curthoys & Robinson, Tulsa, for respondents.

## MEMORANDUM OPINION

GARRETT, Judge:

Petitioner Clema Jean Anderson (Claimant) filed her Form 3 in the Workers' Compensation court on September 18, 1991, alleging she sustained an accidental injury arising out of and in the course of her employment with Respondent Spiro Nursing Home (Employer), on July 28, 1991. She alleged she sustained injury to her heart and body as a whole due to excessive stress after working 10 days without a day off. On March 30, 1992, the trial court entered its order, finding Claimant sustained an accidental personal injury to the heart (heart attack) arising out of and in the course of her employment. The court found Claimant had been temporarily totally disabled (TTD) from July 28, 1991, and was still TTD and in need of further medical treatment, care and attention, with compensation to continue during her TTD period, not to exceed 150 weeks.

Employer filed an appeal with the Court *En Banc.* On August 17, 1992, a three judge panel entered its order, finding the trial court's order was against the clear weight of the evidence and contrary to law. The trial court's order was vacated, and the claim was denied. Claimant filed this review proceeding from the order of the three judge panel.

Claimant alleges Employer failed to preserve issues of error before the Court *En Banc* by failing to use specificity in its allegations, in violation of Workers' Compensation Court Rule 31, 85 O.S.1991, Ch. 4, App. She contends the only specific error alleged was that the trial court ignored the evidence of Claimant's heavy smoking habits and argues there was nothing in the trial court's order to substantiate such a claim. Thus, Claimant contends there were no properly preserved issues before the Court *En Banc* which were sufficient to vacate the trial court's order.

As regards alleged error with regard to Rule 31, ironically, we may not consider it because Claimant failed to raise it in her Petition for Review. Within her proposition of error, however, she alleges that the Court *En Banc* incorrectly determined the trial court's order was against the clear weight of the evidence. This issue is encompassed in the proposed issues and errors in her Petition for Review.

In effect, Claimant is asking us to weigh the evidence to determine whether the Court *En Banc* properly vacated the trial court's order. However, this Court is

limited to the "any competent evidence" standard of review which, as will be explained further, will not permit us to determine whether the appellate panel properly found the trial court's order to be against the clear weight of the evidence and contrary to law. We may only determine if the panel's order is supported by any competent evidence. See *Owings v. Pool Well Service*, 843 P.2d 380 (Okl.1992); *Parks v. Norman Municipal Hospital*, 684 P.2d 548 (Okl.1984). This proposition of error is without merit.

Claimant's other proposition of error is that the "Workers' Compensation Court intracourt (sic) review mechanism for Workers' Compensation claims is an unconstitutional denial of due process of law and equal protection." Claimant argues that the *Parks* two-tier system of review in workers' compensation proceedings, giving the three judge panel the clear weight of the evidence standard, and limiting appellate courts to the any competent evidence standard, operates to deny the claimant due process of law. She contends it subjects the claimant to two different trials before two different tribunals. She contends that at the trial level, a claimant is allowed to present evidence, but that at the "second trial" before the panel, a claimant must stand on the record already made. Thus, a claimant does not have the opportunity to present additional testimony or evidence to support the trial court's findings, and "[i]n essence, the Claimant is given no meaningful opportunity to be heard and must rely on the already-made record which was sufficient to prevail at the trial level." Thus, Claimant contends, the system provides for two trials, "one that complies with due process requirements and one [that] does not."

As to violations of the Equal Protection Clause of the Federal Constitution, the Claimant contends the system creates two classes of appellate litigants: (1) those who prevail at the trial level and whose case is appealed by the aggrieved party directly to the Supreme Court for review under the any competent evidence standard; and, (2) those who prevail at trial and whose adversary appeals first to the three judge panel, whose order, if it reverses, is then reviewed by the Supreme Court under the "any competent evidence" standard. Claimant further states in her brief:

> Thus, one set of litigants who prevail at Trial Court are entitled to have the Trial Judge's decision reviewed under the any competent evidence standard. Other litigants must have the Three Judge Panel's decision reviewed by the any competent evidence standard. Thus, the classification of litigants is defined as those whose case is first reviewed by the Three Judge Panel and those whose case is first reviewed by the Oklahoma Supreme Court or Court of Appeals.

> If there is to be a two-tier decisional system within the trial tribunal process of the Workers' Compensation Court, it should apply equally to all litigants. Thus, either the review by a Three Judge Panel should be made mandatory in all cases or the Three Judge Panel concept must be abolished entirely because it creates two classes of appellate litigants. The present system allows the aggrieved party at trial to get a 'free shot' before the Panel, then the party who prevailed at the trial level must convince the Oklahoma Supreme Court or Court of Appeals that its decision of the Three Judge Panel was not supported by any competent evidence. On the other hand, for the party who prevailed at trial whose review did not start with the Three Judge Panel, the party who did not prevail at trial must convince the Oklahoma Supreme Court or Court of Appeals that the Trial Judge's findings were not supported by any competent evidence.

Claimant argues there is no legitimate objective in making the three judge panel system optional rather than mandatory. She presumes the system helps to reduce the case load of the appellate courts.

■ The intra-court review system within the Workers' Compensation Court, and the standards of review of the three judge panel and the appellate courts, as explained in *Parks v. Norman Municipal Hospital*, supra, has been repeatedly up-

held by the Oklahoma Supreme Court. See e.g., *Owings v. Pool Well Service,* supra; *Brent v. Agrico Chemical Co.,* 839 P.2d 189 (Okl.1992); *Bostick Tank Truck Service v. Nix,* 764 P.2d 1344 (Okl.1988). The Supreme Court stated in *Parks,* at page 550–51:

> [T]he decision reached on intra-court re-examination replaces by substitution that of the single judge and thereafter, when statutory review *dehors* the trial tribunal is invoked, *it alone* stands as *the* decision of the trial tribunal. Ever since the trial tribunal's intra-court review scheme was first carried into our compensation law, the institutional design was intended not to afford two layers of appellate process with varying standards of review but rather to implement a two-tier decisional system *within* the trial tribunal with but a single appellate remedy in this court (or now in the Court of Appeals). (Footnotes omitted) (Emphasis in original).

It is important to note that either party, the claimant or the respondent, can ask the three judge panel to review the trial court's order under 85 O.S.1991 § 3.6. There is a requirement that, before the oral argument before the panel is held, each party must receive notice and be given an opportunity to be heard. Neither party may bring additional evidence to the panel, and the panel may not vacate the order as to factual findings, unless they are found to be against the clear weight of the evidence. Claimant has cited no authority for the proposition that she has a constitutional right to an appeal, and we know of no such authority. Until the Supreme Court determines the laws contain constitutional infirmity, this Court is bound by its decisions upholding this statutory scheme.

ORDER SUSTAINED.

ADAMS, P.J., concurs in result.

JONES, J., concurs.