Herman WALD, Petitioner,

v.

ROTO ROOTER, Respondent.

No. 85199.

Court of Appeals of Oklahoma,
Division No. 1.

Sept. 26, 1995.

Rehearing Denied Oct. 31, 1995.

Certiorari Denied Jan. 11, 1996.

Wilson Jones, Wilson Jones P.C., Tulsa, for Petitioner.

Jerry Freeman, Oklahoma City, for Respondent.

## MEMORANDUM OPINION

JOPLIN, Judge:

Petitioner Herman Wald (Claimant) seeks review of an order of a three-judge panel of the Workers' Compensation Court reversing the trial court's order granting Claimant's motion to reopen. Herein, Claimant asserts (1) lack of competent evidentiary support for the appellate tribunal order, (2) abuse of discretion by the three-judge panel in vacating the trial court's award of benefits, and (3) violation of constitutional protections. However, we find no constitutional deprivation, no abuse of discretion, and competent evidentiary support for the decision.

Claimant suffered on-the-job injury to his back in a fall from a ladder for which the Workers' Compensation Court awarded benefits. Claimant subsequently sought to reopen the case, alleging change of condition for the worse. Upon consideration of the evidence, the trial court found Claimant a credible witness, and based on Claimant's testimony and Claimant's medical evidence, awarded Claimant additional benefits on the claimed change of condition.

Employer appealed. Upon consideration of argument and the record, the three-judge panel vacated the trial court's order, finding that Claimant had not suffered a change of condition for the worse. Claimant now seeks review before this Court.

In his first proposition, Claimant asserts no competent evidence supports the three-judge panel's order. In particular, Claimant argues that Oklahoma law casts the burden of proof on a claimant to adduce competent lay *and* medical testimony in support of the claim, and that he presented such competent lay *and* medical testimony. *See, Oklahoma Scrap Paper Co. v. Milligan,* 435 P.2d 147 (Okla.1967). However, says Claimant, although Employer adduced medical evidence contrary to Claimant's proof, Employer adduced no lay testimony contradicting or impeaching Claimant's evidence, and thus, the order of the three-judge panel is not sup-

ported by the requisite competent evidence. Employer responds, and points to Claimant's own testimony arguably establishing that Claimant's complaints were attributable to a separate and distinct injury suffered in a subsequent employment, unrelated to his employment with Employer.

■ Motions to reopen are controlled by statute. 85 O.S. 1991 § 28. Section 28 allows reopening of a claim on a showing of "change of condition," i.e., a change of "physical" condition since the last prior order of the Worker's Compensation Court, rendering claimant less able to perform work. *See, e.g., National Zinc Co. v. Thomas,* 554 P.2d 1 (Okla.1976). Oklahoma law presumes that "the physical condition of a previously impaired employee has not changed since the last adjudication of his or her condition, and that the employee was in the same physical condition, as that adjudicated in the past, at the time of his or her subsequent injury." *B.F. Goodrich v. Frost,* 630 P.2d 321 (Okla. 1981). However, the presumption is rebuttable, and the claimant bears the burden of proof, by preponderance of the evidence, to show (1) that a change of condition for the worse has occurred since last prior order, and (2) that the change of condition is due to the original injury. *See, e.g., Tinsley v. Goldenstern & Stolpher,* 353 P.2d 6 (Okla.1960).

■ In the present case, Claimant testified his subsequent employment duties aggravated his back problems which arose in his previous employment. On cross-examination, however, Claimant admitted testifying at deposition that he wrenched his back in his subsequent employment while carrying a bag of cement. Thus, and although Claimant's testimony on direct examination arguably fulfilled his burden of proof to show a causal relationship between his change of condition and his original injury, other of Claimant's testimony arguably established a nexus between his subsequent employment and his back complaints, i.e., a subsequent injury unrelated to the previously adjudicated injury.

■ As with other fact questions generally, the lower court's findings on motion to reopen will not be disturbed if supported by any competent evidence. *Thompson v. Duke*

*Const. Co.,* 681 P.2d 1125 (Okla.App.1984); *National Zinc Co.,* 554 P.2d at 4–5. Having reviewed the evidence, we find Claimant's own testimony, combined with Employer's medical evidence indicative of no change of condition, supportive of the three-judge panel's order denying the motion to reopen, and reject Claimant's first proposition.

In his second proposition, Claimant argues that the three-judge panel abused its discretion by substituting its judgment on the issue of Claimant's credibility regarding causal connection between his back complaints and the original injury. By this argument, Claimant in essence asks us to review the three-judge panel's application of the "clear-weight-of-the-evidence" standard of review prescribed for the appellate tribunal at 85 O.S. § 3.6(A).

Justice Wilson urged review of the three-judge panel's application of the standard of review in her dissent in *Parks v. Norman Mun. Hospital,* 684 P.2d 548 (Okla.1984), with whom Justice Hodges joined dissenting in *Owings v. Pool Well Service,* 843 P.2d 380 (Okla.1992). Under Justice Wilson's standard, the reviewing court must determine "whether the court *en banc's* reversal was in compliance with its statutorily prescribed standard of review. Absent compliance with its own standard, [the *en banc* ] decision would be erroneous as a matter of law." *Parks,* 684 P.2d at 552; *Owings,* 843 P.2d at 383–386. However, that standard of review has never been adopted by a majority of the Supreme Court, and we must apply the "any competent evidence" standard to factual determinations of the Trial Court and/or the Court *en banc,* as the case may be. *Parks,* 684 P.2d at 549; *Owings,* 843 P.2d at 383. Thus, and finding competent evidence supporting the three-judge panel's denial of Claimant's motion to reopen, the judgment of the three-judge panel must be sustained.

■ In his third and fourth propositions, Claimant asserts violation of his constitutional right to due process of law by the three-judge panel, first, for failure to specify on what particular factual grounds the appellate tribunal vacated the trial court's order, and second, in application of the clear-weight-of-the-evidence standard. As to the first complaint, however, an order of the Workers' Compensation Court does not fail

for want of specificity so long as the order is sufficiently specific as to permit intelligent review. *See, e.g., Bama Pie, Inc. v. Roberts,* 565 P.2d 31 (Okla.1977); *LeFlore County Wholesale Grocery v. Heavener,* 400 P.2d 167 (Okla.1965). The appellate tribunal in the present case found the trial court's order both legally erroneous and factually contrary to the weight of the evidence, and we find those expressed reasons adequately explanatory of the decision as to permit proper review by this Court.

As to the second complaint, moreover, this Court has held the Oklahoma workers' compensation intra-court review process not violative of constitutional due process and equal protection safeguards. *Anderson v. Spiro Nursing Home,* 853 P.2d 246 (Okla. App.1993). In the present case, Claimant has failed to persuade us to depart from our previous decision, and we reject Claimant's constitutional challenges.

We consequently conclude that the order is free of legal or constitutional infirmity and is supported by competent evidence in the record. The order of the three-judge panel of the Workers' Compensation Court should be and hereby is therefore SUSTAINED.

JONES, P.J., and GARRETT, C.J., concur.