1998 OK CIV APP 150

**Shelley K. PIKE, Petitioner,**

v.

**AVIS RENT–A–CAR SYSTEMS, INC., CNA Insurance and the Workers' Compensation Court, Respondents.**

**No. 91026.**

Court of Civil Appeals of Oklahoma, Division No. 3.

Sept. 15, 1998.

Bryce A. Hill, Hill & Knight, Tulsa, for Petitioner.

James B. Durant, Pierce, Couch, Hendrickson, Baysinger & Green, L.L.P., Tulsa, for Respondents.

## OPINION

ADAMS, Judge:

¶1 In June 1994, Claimant Shelley Pike filed her Form 3, alleging injury to both wrists occurring as a result of repetitive keyboard use during her employment by Avis Rent–A–Car Systems, Inc. (collectively referred to hereafter with CNA, its insurer, as Employer). After a hearing in November of 1995 (TTD hearing), a trial judge of the Workers' Compensation Court found Claimant had "sustained an accidental personal injury AS A RESULT OF CUMULATIVE TRAUMA to the LEFT HAND (RSD) arising out of and in the course of claimant's employment."[1] The trial court awarded Claimant benefits to continue during her period of temporary total disability, not to exceed 150 weeks, and ordered Employer to pay reasonable medical expenses incurred up to that date and to provide future medical treatment. Issues relating to permanent disability were reserved for future hearing. Employer filed an *en banc* appeal of that order, and the three-judge panel affirmed.

¶2 Claimant ultimately requested a trial to determine the extent of her permanent partial disability, adding to her previous claim of injuries to both wrists an allegation of psychological overlay. When the case came on for hearing, Employer conceded injury to the left hand, but denied injury to the right hand and any psychological overlay.[2]

---

1. RSD apparently refers to a medical disorder known as Reflexive Sympathetic Dystrophy.

2. In its initial Form 10 in response to Claimant's request for trial on permanent partial disability,

The trial court entered an order finding an injury to the right hand as well as the left and psychological overlay, awarding appropriate benefits based upon findings of disability.[3] Employer again filed an *en banc* appeal. The three-judge panel found the portions of the trial court's order finding an injury to the right hand and a psychological overlay and award of benefits based thereon were "contrary to law AND against the clear weight of the evidence." The panel vacated those portions of the order and entered its own modifications of the order, finding no injury to the right hand and no psychological overlay. Claimant filed this review proceeding.

¶ 3 To support setting aside the panel's order, Claimant first argues that the trial judge's order was not contrary to law because the trial court still had the authority to adjudicate the claim of injury to the right hand and psychological overlay. According to Claimant, Employer argued to the contrary in the trial court. The record does not bear out this assertion. However, Employer did assert that the trial court lacked the power to amend its previous order in its *en banc* appeal. However, if the panel based its decision on some view that Claimant was barred from asserting a right hand injury because it was not adjudicated in the initial order, it would have only found that the order was contrary to law. The panel also

found that the order was "against the clear weight of the evidence."

■ ¶ 4 Once this latter finding is made, we are powerless to determine whether the record supports that conclusion. We may only review the panel-substituted order to determine whether it is otherwise contrary to law[4] or unsupported by any competent evidence. *Owings v. Pool Well Service*, 1992 OK 159, 843 P.2d 380. Our task, then, is to determine whether this record contains any competent evidence which supports the panel's order. We conclude that it does.

¶ 5 When asked by Employer in interrogatories to "[s]tate in detail, each part of your body that you feel was injured in the alleged accident which is the subject of the lawsuit herein, and the nature of each physical complaint which [you] attribute to the accident," Claimant responded "[l]eft hand, wrist, fingers and upper arm areas due to ganglion cyst and carpel tunnel." When Claimant was asked at the TTD hearing whether she had any other problems, having already testified about her left hand problems, she answered, "No."

¶ 6 Employer also submitted medical evidence to support its contention that Claimant had no injury to her right hand and no psychological overlay. Claimant contends this evidence, principally found in the deposition of Dr. Paul, should not be considered because Dr. Paul was biased and prejudiced

---

Employer admitted injury to the right hand. Although Employer filed no amended Form 10, its attorney announced at the outset of trial that Employer was denying injury to the right hand as well as any psychological overlay. The case proceeded to trial on those issues as well as the nature and extent of the injury to the left hand *without objection by Claimant*. Accordingly, Claimant cannot successfully assert in this review proceeding that Employer could not deny the right hand injury.

3.  The trial judge's order erroneously couched the finding regarding the right hand and psychological overlay as an amendment to his previous order. No amendment was necessary because the previous order, which had already become final, did not address those injuries, and there is no authority that the "one accident/all injuries" rule adopted in *Frair v. Sirloin Stockade, Inc.*, 1981 OK 117, 635 P.2d 597, applies in hearings on temporary total disabilities which are not

intended to finally and completely adjudicate a workers' compensation claim.

4.  It is possible to argue that a panel's application of its statutory standard of review raises a question of law, and it appears that on at least two occasions prior to the adoption of *Parks v. Norman Municipal Hospital*, 1984 OK 53, 684 P.2d 548, the Oklahoma Supreme Court approved examining the evidence before the trial judge to determine whether that standard had been properly applied. See *ITT Continental Baking Company v. Ware*, 1980 OK 167, 620 P.2d 1308, and *Sullivan, Long & Hagerty v. Ward*, 1982 OK CIV APP 32, 665 P.2d 855 (Approved for Publication by the Oklahoma Supreme Court). Neither of these cases has been expressly overruled by the Oklahoma Supreme Court. However, the concept that our Court or the Oklahoma Supreme Court may review as an "error of law" the panel's application of its standard of review was clearly rejected in *Owings*.

against Claimant, his testimony was internally inconsistent, and that his opinion concerning psychological overlay was inadmissible because it was only elicited by counsel for Employer on re-direct examination and was beyond the scope of Claimant's lawyer's cross-examination. All but the last complaint about Dr. Paul's testimony are matters relating to his credibility.

■ ¶7 The latter objection was overruled by the trial court and apparently by the panel, and Claimant must demonstrate that evidentiary ruling was an abuse of discretion. *See Beshara v. Southern National Bank*, 1996 OK 90, 928 P.2d 280. By allowing the additional questions and answers to stand, the trial court did nothing more than allow Employer to recall a witness to the stand prior to resting. Claimant has not shown any abuse of discretion, and all of Dr. Paul's testimony may be considered.

■ ¶8 The record contains competent evidence to support the panel's decision, and Claimant has not shown the panel's order was otherwise contrary to law, at least insofar as we are free to consider that issue. Accordingly the order is sustained.

SUSTAINED.

BUETTNER, P.J., concurs; and HANSEN, J., concurs by reasons of stare decisis.