MANPOWER and CNA Insurance, Petitioners,

v.

Tamma R. LEWIS and the Workers' Compensation Court, Respondents.

No. 79113.

Court of Appeals of Oklahoma, Division No. III.

Oct. 20, 1992.

Anne Livingston, Pierce, Couch, Hendrickson, Johnston & Baysinger, Oklahoma City, for petitioners.

Patrick C. Ryan, Phillip D. Ryan, Boettcher & Ryan, Oklahoma City, for respondents.

## MEMORANDUM OPINION

BAILEY, Presiding Judge:

Petitioners Manpower and CNA Insurance (Manpower) seek review of the Trial Court's order awarding compensation benefits to Respondent Tamma R. Lewis (Claimant). Manpower asserts the Trial Court erred in finding that Claimant's injury arose out of and in the course of her employment, and holding Manpower and its insurer, CNA, responsible therefor.

Manpower is in the business of providing temporary employees to employers in need of extra help. Manpower pays the employees' wages, and maintains Workers' Compensation insurance covering its employees. Manpower hired Claimant to provide temporary services to Manpower clients. In 1990, Manpower agreed to provide Oklahoma Publishing Company (OPUBCO) with temporary employees and sent (apparently among others) Claimant, advising Claimant to follow the directions of her OPUBCO supervisors. Claimant worked in the maintenance department at OPUBCO for approximately nine months, but always picked up her paychecks at the Manpower office.

On September 14, 1991, Claimant took part in the "Corporate Challenge," a citywide amateur sporting event, as a member of the OPUBCO team. While participating in the "tug-of-war," Claimant injured her knee.

Claimant subsequently commenced the instant action by filing of her Form 3, naming Manpower as respondent-employer and claiming compensable injury to her knee arising out of and in the course of the employment. The Trial Court held Claimant's knee injury compensable, finding Claimant had been "encouraged to participate in the sporting event by her supervisors or the persons she perceived to be her supervisors." Manpower appeals.

In this proceeding, Manpower asserts that Claimant's injury did not arise out of/in the course of the employment. Specifically, in its first proposition of error, Manpower argues that Claimant sustained her injury during voluntary participation in social or recreational activities unrelated to her employment with Manpower, and that

Manpower did not require or compel Claimant to participate in the social/recreational activity so as to render Manpower liable.[1] In its second proposition, Manpower asserts no one at Manpower knew or approved of Claimant's participation in the "Corporate Challenge." Thus, says Manpower, Claimant's injury cannot be said to have arisen out of/in the course of her employment with Manpower.

 The Oklahoma Supreme Court has previously held that where an employer "*expressly or impliedly* induces participation [in a social or recreational activity], or makes the activity come within the orbit of employment duties," the social/recreational activity falls within "the course of the employment" for Workers' Compensation purposes.[2] (Emphasis original). Whether the social or recreational activity in fact falls within the course of the employment so as to render injuries sustained therein compensable presents a question of fact for resolution by the Workers' Compensation Court.[3] As with other fact questions generally, the lower court's finding thereon is binding on the appellate courts if supported by competent evidence.[4]

 In the instant case, the record reflects Claimant knew of the "Corporate Challenge" through conversations with other employees at OPUBCO, that a higher ranking OPUBCO employee, at the direction of the OPUBCO Personnel Department, "recruited" Claimant to play on the OPUBCO women's basketball team, and that Claimant voluntarily agreed to play on that team. However, Claimant's testimony also uncontrovertedly showed that Claimant was advised by another OPUBCO employee that she was already "signed up" to participate in the "tug-of-war" competition prior to the basketball game because another female was needed,[5] and that Claimant was reticent to decline for fear of jeopardizing her placement with OPUBCO. We hold this evidence arguably shows that OPUBCO "expressly or impliedly induce[d] [Claimant's] participation" in the social/recreational activity during which Claimant suffered injury, thus bringing the activity with the course of Claimant's employment.[6]

 Moreover, when an employer engages in the business of furnishing or hiring out workers, pays those workers for that purpose, and assumes responsibility for its employees' on-the-job injuries by purchase of workers' compensation insurance, the employee may turn to the original "general" employer, the subsequent "special" employer, or both, for compensation due to accidental job-related injuries.[7] In the present case, we find evidence in the record showing that Manpower, as general employer, is in the business of hiring out workers, that Manpower provided OPUBCO, as special employer, with employees (particularly Claimant), that Manpower paid Claimant's wages, and that Manpower admitted Workers' Compensation liability for a previous job-related injury sustained by Claimant while working at OPUBCO. Under these circumstances and the cited authority, we further conclude the Trial Court committed no legal or factual error in holding Manpower, Claimant's "general"

1. *See, Pepco, Inc. v. Ferguson,* 734 P.2d 1321 (Okl.App.1987); *Oklahoma Natural Gas Co. v. Williams,* 639 P.2d 1222 (Okl.1982).

2. *Oklahoma Natural Gas Co.,* 639 P.2d at 1224.

3. *Oklahoma Natural Gas Co.,* 639 P.2d at 1225.

4. *See, e.g., Thomas v. Keith Hensel Optical Labs,* 653 P.2d 201, 203 (Okl.1982); *Pearl v. Associated Milk Producers, Inc.,* 581 P.2d 894 (Okl.1978).

5. Although not dispositive, apparently OPUBCO had won first place in the "Corporate Challenge" tug-of-war competition for four years, and Claimant's reputation as an athlete played some part in her "recruitment."

6. *Oklahoma Natural Gas Co.,* 639 P.2d at 1224.

7. *See,* 85 O.S.1991 § 11 (principal employer liable in Workers' Compensation); *Ishmael v. Henderson,* 286 P.2d 265 (Okl.1955).

employer (in statutory parlance, Claimant's principal employer), liable for Claimant's disability resulting from accidental injuries sustained in the course of Claimant's assigned employment with OPUBCO.[8]

The order of the Trial Court is therefore SUSTAINED.

HANSEN, V.C.J. and HUNTER, J. concur.

---

**8.** 85 O.S.1991 § 11; *Ishmael,* 286 P.2d at 268.