Robert **VAN ZANT** and Dawn Van Zant, Appellants,

v.

**PEOPLES ELECTRIC COOPERATIVE; Phillip Hatridge and James E. Terral, d/b/a Jet Service Company; and Dennis R. Finley, M.D., Appellees.**

No. 84990.

Court of Appeals of Oklahoma, Division No. 1.

May 9, 1995.

Certiorari Denied July 13, 1995.

William H. Pickett, David T. Greis, Kansas City, MO, and Karen J. Leonard, Ada, for appellants.

Charles D. Neal, Jr., Mark A. Clayton, McAlester, and William Caldwell, Tulsa, for appellees.

## MEMORANDUM OPINION

CARL B. JONES, Judge:

Appellants, the Van Zants, brought this personal injury action against Appellees, Hatridge and Terral d/b/a Jet Service Company. Additional claims were made against Defendants, Peoples Electric Cooperative and Dennis R. Finley. The trial court granted the motion to dismiss Appellants' petition, and it is that order which is appealed from.[1] Judg-

ment was granted on the basis that workers' compensation was Appellants' exclusive remedy, and Appellees were thus immune from any tort liability to Appellants.

## STANDARD OF REVIEW

■■■ The trial court errs in granting such a motion to dismiss *"unless* the allegations indicate *beyond any doubt* that the litigant can prove *no* set of facts which would entitle him to relief." (emphasis in original). *Frazier v. Bryan Memorial Hosp. Authority,* 775 P.2d 281, 287 (Okla.1989). On review, we will presume all allegations of the petition to be true. If the assumed facts establish a prima facie case, "the order dismissing the suit will be reversed". *Bettis v. Brown,* 819 P.2d 1381, 1382 (Okla.App.1991).

## FACTS ALLEGED IN THE PETITION

Appellees, Hatridge and Terral, were owners of Jet Service Company which provided tree-trimming and removal services. Staff One, Inc., was an employment service which provided temporary personnel to various businesses, including Jet. Jet and Staff One entered into a written contract on October 29, 1990, whereby Staff One agreed to provide temporary help personnel to Jet. The contract provided that the temporary personnel were employees of Staff One and that Staff One would provide workers' compensation insurance to cover them. It further provided that Jet and Staff One would be considered "co-employees" or, alternatively "dual or joint employers" of temporary help personnel for the purpose of "employer liability under workers' compensation laws."

On November 4, 1991, Appellant, Robert Van Zant, was first employed by Staff One to provide temporary help services to Jet for tree-trimming work. Appellant had no experience in tree trimming or tree removal. Staff One paid Appellant and provided workers' compensation coverage for him. On April 17, 1992, Appellant was injured while

---

1. Although the judgment does not dispose of the claims against Peoples Electric Cooperative and Dennis R. Finley, the judgment does comply with the requirements of 12 O.S.1991 § 994 and is thus a proper appealable order.

doing tree-trimming/removal work for Jet.[2] It is alleged that while attempting to push a cut tree off its stump, the tree rotated or rolled away from Appellant, hitting him with its branches causing personal injury.

Jet is alleged to have been negligent in failing to have and enforce adequate safety rules, failing to provide Appellant with adequate equipment, and failing to provide adequate training and instruction.

## DISCUSSION

■ In support of their motion to dismiss, Appellees (Jet) argued primarily that Jet was the principal employer of Staff One, Appellant's immediate employer, and that because the work being done by Appellant was a necessary and integral part of Jet's business, Jet was secondarily liable for workers' compensation under 85 O.S.1991 § 11.[3] Title 85 O.S.1991 § 12 makes workers' compensation Appellants' exclusive remedy as to the employer and those other intermediate or principal employers who would be liable for workers' compensation under § 11. Jet, they contend, was the principal employer and was thus immune from Appellants' tort claims. Jet argues alternatively that it was the immediate or intermediate employer of Appellant, a status it is claimed that in either event would afford it tort immunity.

Appellants' response argues that the three-tier test of *Bradley v. Clark* is the test that must be used and that the allegations in the second amended petition, which must be considered as true, are sufficient to create factual disputes which overcome the *Bradley* test and preclude dismissal.

We, however, believe the proper analysis involves neither the "necessary and integral" test nor the *Bradley* three-tier test. The facts alleged brings this case squarely within the "loaned servant" doctrine. For workers' compensation purposes, under the "loaned servant" doctrine, Appellant was an employee of both Staff One and Jet. The "loaned servant" doctrine makes both Staff One *and* Jet primarily liable for workers' compensation, Appellant's exclusive remedy under 85 O.S. § 12.

The leading Oklahoma case of *Ishmael v. Henderson*, 286 P.2d 265 (Okla.1955) described a set of facts very similar to those before us. Ishmael was in the business of furnishing or hiring out temporary roustabout labor. Henderson was such a roustabout, employed by Ishmael and then hired out to Mid–Continent Petroleum where he was working when he was injured. A workers' compensation case was filed and an award entered against Ishmael. Ishmael, on appeal, contended the judgment should have

---

2. It is unclear if Appellant worked continuously for Jet from November 4, 1991, until April 17, 1992, the date of his injury.

3. The "necessary and integral" test was first articulated in *W.P. Atkinson Enterprises, Inc. v. Dist. Ct. of Okl. Co.*, 516 P.2d 541 (Okla.1973), which held that the only relevant issue in determining secondary liability (of a primary employer or general contractor) is whether the employee of the independent contractor is engaged in work that is a "necessary and integral" part of the general contractor's principal business.

The next significant secondary liability case was *Murphy v. Chickasha Mobile Homes, Inc.*, 611 P.2d 243 (Okla.1980). *Murphy* created a two-part standard determining whether a task is "necessary and integral".

Tasks performed by an independent contractor are "necessary and integral" part of the hirer's operations within the meaning of the test when they [1] are directly associated with the day-to-day activity carried on by the hirer's line of trade, industry or business or [2] would customarily be done in that line of

business. The activities encompassed by the contractual relationship of the statutory employer and the skills needed for their performance must necessarily be germane to, and considered part and parcel of, that employer's day-to-day business operations. Id. at 248.

*Newport v. Crane Service, Inc.*, 649 P.2d 765 (Okla.1982) further clarified secondarily liability and the accompanying tort immunity. It explains that the tort immunity ascends up the statutory employment ladder encompassing immediate, intermediate and principal hirers, together with their employees. It only runs in one direction. The workers' compensation liability runs in descending order extending to anyone in the hired activities which constitute a necessary and integral part of the hirer's business. This claim also only runs one way.

More recently, the "necessary and integral" test was modified by *Bradley v. Clark*, 804 P.2d 425 (Okla.1990) wherein our Supreme Court adopted a three-tier test to determine the secondary liability status of a principal employer as to the injured employee of an independent contractor. Id. at 428, n. 10.

been against Mid–Continent Petroleum. The court noted that Ishmael was paying Henderson $1.00 per hour and was providing his workers' compensation insurance coverage. In return, Mid–Continent Petroleum was paying Ishmael $1.50 per hour for Henderson's services. The court referred to Ishmael as the general employer and to Mid–Continent as the special employer. And in such situation, the court stated the employee would be considered the employee of both and could look to one, or the other, or both for workers' compensation.

The more recent Court of Appeals decision in *Manpower v. Lewis,* 840 P.2d 1276 (Okla. App.1992) reiterated Ishmael's holding in another workers' compensation case involving an employment service for temporary employees. We held:

"... when an employer engaged in the business of furnishing or hiring out workers, pays those workers for that purpose, and assumes responsibility for its employees' on-the-job injuries by purchase of workers' compensation insurance, the employee may turn to the original "general" employer, the subsequent "special employer", or both, for compensation due to accidental job-related injuries."

*Id.* at 1278. See also, *Cherokee Lines Inc. v. Bailey,* 859 P.2d 1106 (Okla.1993).

Our Supreme Court further clarified the workers' compensation liability of the "special" employer who was utilizing a "loaned servant" in *Tulsa Rig & Reel Mfg. Co. v. Millsap,* 619 P.2d 625 (Okla.1980). At p. 629, quoting from A. Larson, The Law of Workmen's Compensation, § 48.00 (1979), they held:

"When a general employer lends an employee to a special employer, the special employer becomes liable for workmen's compensation only if

(a) the employer has made a contract of hire, express or implied, with the special employer;

(b) the work being done is essentially that of the special employer; and

(c) the special employer has the right to control the details of the work.

When all three of the above conditions are satisfied in relation to both employers, both employers are liable for workmen's compensation."

These requirements are met and undisputed resulting in the unavoidable legal conclusion that Jet is directly liable to Appellant for workers' compensation.

Admittedly, these "loaned servant" cases do not directly address the tort liability of the special employer to the injured employee. It is again, however, the unavoidable conclusion that if an employer is liable for workers' compensation, such liability is exclusive and precludes, as a matter of law, a tort claim against the employer for the same injuries. 85 O.S. § 12. The law considers Appellant to be an employee of both Staff One and Jet, with both having primary liability for workers' compensation regardless of who provided workers' compensation insurance. If, for some reason, Appellant was unable to recover workers' compensation, then and only then, would Staff One *and* Jet lose their immunity from a tort action such as this. Such facts are jurisdictional, however, and would have to be pled by Appellant.

■ Although the decision of the trial court was based on different reasoning, it was the correct decision and must be affirmed.[4]

AFFIRMED.

HANSEN, P.J., and JOPLIN, J., concur.

---

4. A correct decision, although based on wrong reasons or an incorrect theory, will not be reversed. *Benham v. Keller,* 673 P.2d 152 (Okla. 1983); *Russell v. Flanagan,* 544 P.2d 510 (Okla. 1975).