1998 OK CIV APP 58

**Bobby RAGSDALE, Jr.,**
**Plaintiff/Appellant,**

v.

**WHEELABRATOR CLEAN WATER SYSTEMS, INC., d/b/a Bio–Gro Division, Thomas H. Zackery, Jr., CNA Insurance Company, d/b/a Continental Casualty Company and Ryder Truck Rental, Inc., Defendants/Appellees.**

**No. 89586.**

Court of Civil Appeals of Oklahoma, Division No. 1.

Jan. 22, 1998.

Certiorari Denied April 27, 1998.

---

**21**

Jerry Williams, Tulsa, for Appellant.

Jimmy Goodman, Oklahoma City, for Appellees.

## OPINION

GARRETT, Judge.

¶1 Appellant, Bobby Ragsdale, Jr., was injured in a semi-truck collision while working for Appellee, Wheelabrator Clean Water Systems, Inc., d/b/a Bio–Gro Division. Appellant collided with another of Wheelabrator's trucks, driven by co-employee, Thomas H. Zackery, III, who was killed in the accident.[1] At the time of the accident, Ragsdale was driving a truck for purposes of removing and disposing of liquid sludge from treatment plants for Wheelabrator under a contract it had with the Tulsa Municipal Utility Authority (TMUA). Appellant sued Defen-

---

1. Zackery's Estate brought a wrongful death action against these appellees in a separate case. The trial court consolidated the cases, but separate judgments were entered on motions for summary judgment filed by Appellees. Zackery's appeal was Case Number 88,967, in which this Court filed an opinion on January 13, 1998.

dants in district court. Wheelabrator contended that it is primarily liable under the Workers' Compensation Act and that, because Ragsdale's injury arose out of and in the course of his employment, exclusive jurisdiction of this case is in the Workers' Compensation Court. The basis of CNA's motion was the lack of statutory authority to file a direct action against it as the liability carrier for Wheelabrator. The trial court sustained both motions for summary judgment and entered judgment for CNA and Wheelabrator.[2]

¶2 In response to the motion for summary judgment filed by Wheelabrator, Ragsdale disputed the contention that he was a "loaned servant". He contended that determination is a fact issue for the jury. He also contended that 40 O.S.1991 § 178 is the basis of common law liability of Wheelabrator for negligence, and that Oklahoma law provides an exception to the jurisdiction of the Workers' Compensation Court when an employer has acted willfully, wantonly and recklessly toward an employee.

■ ¶3 40 O.S.1991 § 178, cited by Ragsdale, was a part of revised laws 1910 and apparently has never been amended. The "Workers' Compensation Law" was enacted in 1915 and covered employees in certain hazardous occupations. As time passed the Workers' Compensation Law [now Act] has been frequently and substantially changed. The coverage has changed dramatically and has been expanded until it now covers employees in virtually all occupations. 85 O.S.1991 § 12 provides that the Workers' Compensation Court has exclusive jurisdiction as to the liability provided in that Act. Oklahoma courts have reportedly held that the Workers' Compensation Act prohibits injured employees from proceeding in tort against his/her employer in district court. We agree and so hold.[3]

■ ¶4 Even if § 178 constitutes an exception to the rule giving exclusive jurisdiction to the Workers' Compensation Court

[which we do not decide], it would be inapplicable to this case. Section 178 provides:

An employer shall be responsible in damages for personal injury cause to an employee, who, was himself in the exercise of due care and diligence at the time he was injured, by reason of any defect in the condition of the machinery or appliances connected with or used in the business of the employer which arose, or had not been discovered or remedied owing to the negligence of the employer, or of any person entrusted by him with the duty of inspection, repair, or of seeing that the machinery or appliances were in proper condition.

We see no evidence in the record before us of a connection between Ragsdale's injury and any "defect in the condition of the machinery or appliances connected with or used in the business of the employer". Intentional injury is not involved. Additionally, Ragsdale's allegations as to the "willful, wanton and reckless" behavior of his employers are totally unsupported by any evidentiary materials. This contention is rejected.

■ ¶5 It is undisputed that Ragsdale was hired by Skill Headquarters (Skill), a temporary personnel employment service, to work for Wheelabrator for the sludge removal job. It is also undisputed that Ragsdale was injured in a semi-truck collision while he was performing those duties. Therefore, under the "loaned servant" doctrine, Ragsdale was the employee of both Skill and Wheelabrator, and his exclusive remedy against them is in the Workers' Compensation Court. See 85 O.S. Supp.1993 § 11 (Since amended) and 85 O.S.1991 § 12; *Ishmael v. Henderson,* 1955 OK 200, 286 P.2d 265, *Van Zant v. Peoples Elec. Co-op.,* 1995 OK CIV APP 77, 900 P.2d 1008 (Cert. Denied); *Manpower v. Lewis,* 1992 OK CIV APP 130, 840 P.2d 1276. See *Tulsa Rig, Reel & Mfg. Co. v. Millsap,* 1980 OK 165, 619 P.2d 625, wherein the Supreme Court clarified the workers' compensation liability of a "special employer" utilizing a "loaned servant", quoting from A.

---

2. Claims against other parties have been dismissed.

3. See Art. 23, section 7, Oklahoma Constitution; 85 O.S.1991 §§ 11 and 12, as amended; *Harter*

*Concrete Products, Inc. v. Harris,* 592 P.2d 526 (Okl.1979); *Boren v. Scott,* 1996 OK CIV 115, 928 P.2d 327; *Thomas v. Vertigo, Inc.,* 1995 OK CIV APP 45, 900 P.2d 458.

Larson, *The Law of Workmen's compensation,* § 48.00 (1979):

> When a general employer lends an employee to a special employer, the special employer becomes liable for workmen's compensation only if
>
> > (a) the employer has made a contract of hire, express or implied, with the special employer;
> >
> > (b) the work being done is essentially that of the special employer; and
> >
> > (c) the special employer has the right to control the details of the work.
>
> When all three of the above conditions are satisfied in relation to both employers, both employers are liable for workmen's compensation.

The undisputed facts show all of the above requirements are satisfied. The trial court properly sustained Wheelabrator's motion for summary judgment.

¶ 6 Even if the "loaned servant" doctrine were not applicable, Wheelabrator and Skill are immune from tort liability under 85 O.S.1991 §§ 11, 12, under the undisputed facts of this case. This Court stated in *Van Zant:*

> The law considers Appellant to be an employee of both Staff One and Jet, with both having primary liability for workers' compensation regardless of who provided workers' compensation insurance.

Under *Van Zant,* Wheelabrator would be considered the principal employer of Ragsdale, and Skill would be considered to be his immediate employer. As such, both Skill and Wheelabrator, under § 12, have immunity from common law tort claims, and Ragsdale's exclusive remedy is in the Workers' Compensation Court.

¶ 7 As to CNA, Wheelabrator's automobile and general liability insurance carrier, the court held CNA could not be sued in a direct action, accepting CNA's argument that 47 O.S.1991 § 169, applies to "motor carriers" and does not apply here. It is unnecessary to consider this issue in view of our affirmance of the trial court's dismissal of Wheelabrator. CNA's liability does not exist without Wheelabrator, and Wheelabrator's liability as to Ragsdale does not exist in the district court. Appellants' remedy against Wheelabrator and CNA lies in the Workers' Compensation Court.

¶ 8 **AFFIRMED.**

JOPLIN, P.J., and CARL B. JONES, V.C.J., concur.

