2004 OK CIV APP 9

**Marvin Wayne MORROW, Petitioner,**

v.

**BABY DOLLS and/or Charles W. Long, & /or BT & C and Insurance Carrier, Compsource Okla f/k/a State Insurance Fund & /or Unknown Or Not Specified, Respondents.**

No. 99,554.

Court of Civil Appeals of Oklahoma, Division No. 4.

Dec. 16, 2003.

Rick E. Romano, Romano & Romano, Oklahoma City, OK, for Petitioner.

John S. Oldfield, Jr., Oldfield, Coker & Graves, Oklahoma City, OK, for Respondent Baby Dolls and CompSource Okla.

JERRY L. GOODMAN, Presiding Judge:

¶ 1 Claimant, Marvin Wayne Morrow, seeks review of the workers' compensation court's June 30, 2003, order denying his claim for compensation. The trial court found Claimant was not acting as an employee of Employer, Baby Dolls, when he was injured. Based upon our review of the facts and applicable law, we sustain the order.

## FACTS

¶ 2 At the time of the accident, Claimant was employed as a bartender and maintenance worker at Employer's nightclub. According to Claimant, on Wednesday, November 14, 2001, he had done some cleaning at the nightclub and then gone to the home of Charles Long, Employer's owner. There, while working on a light over the garage, he fell off Long's ladder. Claimant had removed the light from the nightclub the week before. After the accident, Claimant continued doing maintenance until February 2002 and continued bartending for Employer until April 2002.

¶ 3 Claimant filed a Form 3, asserting he had sustained an injury due to the fall. At trial, the parties disputed whether Claimant was acting as an employee for Employer at the time of the injury.[1]

¶ 4 Claimant testified he was employed by Employer to work an average of four days a week as a bartender (Mondays, Tuesdays, Fridays, and Saturdays) and one or two days a week performing maintenance (Wednesdays and Thursdays). Concerning the latter, Claimant testified he might paint or clean the nightclub, mow the club's lawn, or mow Long's lawn, sometimes doing jobs on any given day at both the club and Long's residence. Claimant testified he was paid separately for the bartending and the maintenance. For the latter, he was paid in cash at a rate of $100 a day, with the money placed by Long inside the club's cash register.

¶ 5 Long testified by way of deposition that Claimant worked for Employer as a bartender and for him personally on odd jobs and the like, usually for $100 a day. According to Long, "Well, he [Claimant] could work any Wednesday and Thursday that he wanted to. He knew that. I told him that when he took the bartending he could work for me personally in a contract. I would just pay him so much, and he agreed with that." Long stated that on maintenance days, Claimant would mainly do jobs around his home, such as mowing the lawn and straightening the garage. He testified that at the time of the accident, Claimant had been mowing his lawn and had decided to climb up the ladder to work on the light.

¶ 6 The trial court entered an order denying the claim for compensation, finding that Claimant was not acting as an employee of Employer when he sustained his injury. The trial court specifically found that Long's testimony indicated that Claimant worked for Long personally by contract, performing odd jobs at Long's personal residence a few days a week.

¶ 7 Claimant seeks our review.

## STANDARD OF REVIEW

■ ¶ 8 Though the trial court also expressed its decision in terms of denying jurisdiction, it specifically held that Claimant was not acting as an employee of Employer at the time of the accident. A compensable work-related injury must both (1) occur in the course of and (2) arise out of the worker's employment. 85 O.S.2001, § 11; *Am. Mgmt. Systems, Inc. v. Burns*, 1995 OK 58, ¶ 5, 903 P.2d 288, 290–91. Whether an injury arises out of and in the course of a claimant's employment is an issue of fact to be determined by the workers' compensation court and, where there is any competent evidence to support the workers' compensation court's order, it will be affirmed. *City of Edmond v. Monday*, 1995 OK 132, ¶ 4, 910 P.2d 980, 982.

## ANALYSIS

■ ¶ 9 The evidence in the case is controverted and could support a decision by the

---

1. Claimant initially named Long and BT & C Corp. as his employer on his Form 3. He later filed an amended Form 3, naming Baby Dolls as his employer. The legal status of BT & C and its relationship to Baby Dolls is unclear. Baby Dolls is listed as the insured on the policy issued by CompSource. Baby Dolls is a nightclub and for clarity's sake, is referred to as "Employer."

trial court in favor of either party. However, competent evidence exists to support the trial court's decision that Claimant was not acting as Employer's employee for purposes of the workers' compensation statutes when the accident occurred. The record contains Long's testimony that he hired Claimant for employment separate from that of Employer's nightclub. Additional evidence tending to support the trial court's conclusion includes the fact that the accident happened at Long's home, away from the nightclub, and the fact that Claimant was paid separately for maintenance work. Claimant does not deny such evidence exists. Appellate review is confined to a search for any competent evidence. *Owings v. Pool Well Serv.,* 1992 OK 159, ¶ 7, 843 P.2d 380, 382. The existence of any other evidence which supports another conclusion is immaterial. *Id.* at ¶ 7, 843 P.2d at 383.

¶ 10 Claimant asserts that his acts at the time of the injury were "so intertwined" with his principal employer's directions as to make Employer responsible. Claimant also points out that Long himself—whether or not he was Claimant's employer at the time of the accident—would be personally exempt from workers' compensation coverage.[2] In such a case, Claimant argues, public policy requires that workers' compensation coverage be extended to a claimant operating under the direction and control of his principal employer, albeit away from the employer's location.

¶ 11 Certainly, an employee who is required by a supervisor to perform certain jobs away from the principal place of business might be included in the employer's workers' compensation coverage. The rationale for recovery need not depend on a fairness or public policy argument, but on existing legal authority. For example, Claimant cites *Manpower v. Lewis,* 1992 OK CIV APP 130, 840 P.2d 1276. There, the Court of Civil Appeals held that competent evidence existed to support the trial court's finding that the claimant, who was injured at a corporate challenge sporting event, was encouraged to participate in the event by her supervisors, or the people she believed to be her supervisors. The Court sustained an award of benefits.

¶ 12 What distinguishes *Manpower* from the instant case is that competent evidence exists to support what is essentially a contrary conclusion: that Long employed Claimant under an arrangement separate and distinct from Employer's nightclub, and that Claimant was engaged in that separate employment at the time of the accident. This factor is missing from *Manpower.* Claimant would effectively have this court create a new rule extending liability to a business entity for accidents occurring when the worker is not an employee, as determined by the workers' compensation court and supported by competent evidence. We decline to do so.

¶ 13 Claimant also argues that, assuming he was working for Long at the time of the injury, he should nonetheless be entitled to proceed against Employer because he was a loaned servant. Claimant argues that he can therefore proceed against either Long (who is personally exempt from coverage) or Employer.

¶ 14 We also reject this argument. First, Claimant does not dispute Employer's assertion that this argument was never raised below and must now be considered waived. Second, the evidence supports the trial court's decision that Claimant had a separate employment relationship with Long. Essentially, this negates Claimant's contention that Employer "loaned" him to Long, and thus fails to meet the doctrine's requirement of an agreement between the two employers. *See Tulsa Rig, Reel & Mfg. Co. v. Millsap,* 1980 OK 165, ¶ 8, 619 P.2d 625, 628–29.

CONCLUSION

¶ 15 Under the appropriate standard of review, we must sustain the order.

¶ 16 SUSTAINED.

REIF, J., and RAPP, J., concur.

2. Title 85 O.S.2001, § 2.1, which the trial court referred to in its order, excludes from workers' compensation coverage domestic servants and casual workers in and about a private household with less than $10,000 gross annual payroll for such workers.