Chairman Larry Shea Oklahoma Construction Industries Board 2401 N.W. 23rd Street, Suite 5 Oklahoma City, Oklahoma 73107
Dear Chairman Shea:
This office has received a request for an official Attorney General Opinion from your predecessor who asked, in effect, the following question:
 Does an employment agency which contracts to supply laborers to be used by another for the installation, repair, maintenance and/or renovation of electrical facilities or electrical construction work constitute an electrical contractor pursuant to the Oklahoma Electrical Licensing Act ("Act") (59 O.S. 2001 Supp. 2006, §§ 1680-1697), specifically 59 O.S. Supp. 2006, § 1682[59-1682](5)?
 ELECTRICAL CONTRACTORS
In the letter requesting an official Opinion, your office has provided significant factual background information.[1] The letter states that the employment agency enters into an employee assignment contract with an electrical contractor to provide licensed journeymen electricians for use in the installation, repair, maintenance and/or renovation of electrical facilities or electrical construction work. It further states that the electricians are compensated by the employment agency, which withholds their federal and state income taxes, social security taxes and is responsible for maintaining their unemployment and workers' compensation insurance. The employee assignment contract provides that the electrical contractor is to pay the employment agency for the number of hours worked at an agreed-upon rate. Additionally, the letter states that the electrical contractor to whom the electricians are assigned is responsible for their supervision and control while performing the labor.
With regard to defining an electrical contractor, the Act provides the following:
 "Electrical contractor" means any person skilled in the planning, superintending and practical installation of electrical facilities who is familiar with the laws, rules and regulations governing such work. Electrical contractor also means any individual, firm, partnership, corporation, limited liability company, or business performing skills of an electrical contractor or an electrician or the business of contracting, or furnishing labor or labor and materials for the installation, repair, maintenance or renovation of electrical facilities or electrical construction work according to the provisions of the Electrical Licensing Act[.]
59 O.S. Supp. 2006, § 1682[59-1682](5). Specifically, the answer to your question is determined by whether an employment agency's act of assigning its employee electricians to be used by another for electrical work constitutes "furnishing labor . . . for the installation, repair, maintenance or renovation of electrical facilities or electrical construction work according to the provisions of the Electrical Licensing Act[.]" Id. The Act defines electrical construction work as follows:
 "Electrical construction work" means installation, fabrication or assembly of equipment or systems included in "premises wiring" as defined in the 2002 edition of the National Electrical Code, which is hereby adopted and incorporated by reference. Electrical construction work includes, but is not limited to, installation of raceway systems used for any electrical purposes, and installation of field-assembled systems such as ice and snow melting, pipe-tracing, and manufactured wiring systems. Electrical construction work shall not include in-plant work performed by employees of the company owning the plant, work performed by telecommunications employees for telecommunications companies, or installation of factory-assembled appliances or machinery which is not part of the premises wiring unless wiring interconnections external to the equipment are required in the field.
Id. § 1682(10).
The phrase "furnishing labor" is not defined in the Act, the administrative rules promulgated pursuant to the Act or elsewhere in the Oklahoma Statutes. In addition, there is no definition of that phrase in the Oklahoma Constitution, nor has its meaning been at issue in any published Oklahoma case law.
In the absence of an express definition of the words used in a statute, the words must be given their plain and ordinary meaning. 25 O.S. 2001, § 1[25-1]; City of Durant v. Cicio,50 P.3d 218, 220 (Okla. 2002). Accordingly, we look to the plain and ordinary meaning of the terms "furnish" and "labor." Webster'sNew International Dictionary defines "furnish" as "to provide or supply with what is needed, useful or desirable." Id. at 923. "Labor" is defined as the "expenditure of physical or mental effort esp[ecially] when fatiguing, difficult, or compulsory" and "the services performed by workers." Id. at 1259.
As set forth in the request letter and as summarized above, the employment agency employs the licensed electricians and then assigns them to another organization that then uses them for electrical construction work. Therefore, the employees of the employment agency are supplying the physical and mental effort and services that result in the installation of electrical facilities and electrical construction work. As such, the employment agency is furnishing the labor through its assigned employees. The fact that the employment agency's employees may be directly supervised by another organization to which they are assigned does not free the employment agency from its status as the employer of the electricians furnishing the labor described in 59 O.S. Supp. 2006, § 1682[59-1682](5). The situation is similar to that of a general employer in the context of workers' compensation insurance claims.
 [W]hen an employer engages in the business of furnishing or hiring out workers, pays those workers for that purpose, and assumes responsibility for its employees' on-the-job injuries by purchase of workers' compensation insurance, the employee may turn to the original "general" employer, the subsequent "special" employer, or both, for compensation due to accidental job-related injuries.
Manpower v. Lewis, 840 P.2d 1276, 1278 (Okla.Ct.App. 1992). While the underlying issue in Manpower was liability for a workers' compensation claim, the relationship between employer and employee in both instances is the same. Manpower provided temporary employees to other employers in need of extra help, paid the employees' wages and maintained workers' compensation insurance on them. Id. at 1277. In the same manner the loaned or assigned journeyman electricians are employed by the employment agency while another contractor directs their actions on the job site. Therefore, both the employment agency and the contractor to which the electricians are assigned are furnishing labor as contemplated by 59 O.S. Supp. 2006, § 1682[59-1682](5).[2]
 It is, therefore, the official Opinion of the Attorney Generalthat:
 An employment agency that assigns its employee electricians to another for the installation, repair, maintenance or renovation of electrical facilities or electrical construction work is furnishing labor for those purposes and as such constitutes an electrical contractor pursuant to the Oklahoma Electrical Licensing Act (59 O.S. 2001 Supp. 2006, §§ 1680-1697), specifically 59 O.S. Supp. 2006, § 1682[59-1682](5).
 W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
 RICHARD D. OLDERBAK ASSISTANT ATTORNEY GENERAL
 I-51
[1] See letter from Jacob Kurle, Chairman, Oklahoma Construction Industries Board, to W.A. Drew Edmondson, Attorney General of Oklahoma (July 15, 2006) (on file with the Oklahoma Attorney General's Office).
[2] Since you seek a binding official Attorney General Opinion from this office on the interpretation of the definition of Electrical Contractor there is no need to render an opinion as to whether a previous letter on the same subject from an official of the Oklahoma State Department of Health is binding upon the Construction Industries Board in its enforcement of the Act. While such a letter may be helpful and instructive, it is not binding. Under Oklahoma law an Attorney General Opinion is binding upon the public officials affected and they are duty bound to follow the Opinion until relieved of that duty by a court of competent jurisdiction. Branch Trucking Co. v. Okla.Tax Comm'n, 801 P.2d 686, 690 (Okla. 1990).